UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEA SHEPHERD LEGAL,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION, an agency of the United States; NATIONAL MARINE FISHERIES SERVICE, an agency of the United States,<br><br>　　　　　　Defendants. | NO. 2:19-cv-463<br><br>PLAINTIFF SEA SHEPHERD LEGAL'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF (FREEDOM OF INFORMATION ACT) |

**INTRODUCTION**

1. This action is brought to remedy violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*. Specifically, it challenges the failure of the National Oceanic and Atmospheric Administration ("NOAA") and the National Marine Fisheries Service ("NMFS") (collectively "Federal Defendants") to provide a legally sufficient determination within the time required by FOIA in regard to Plaintiff Sea Shepherd Legal's ("Plaintiff") December 21, 2018 request for information and a waiver of fees ("FOIA Request"), as well as the Federal Defendants' failure to disclose promptly those records responsive to the FOIA Request.

2. Independent of the FOIA Request, on February 6, 2019, Plaintiff issued a formal

COMPLAINT                                    - 1 -

petition requesting the Secretaries of Homeland Security, the Treasury, and Commerce to perform their non-discretionary duties established by Section 101(a)(2) of the Marine Mammal Protection Act ("MMPA"), 16 U.S.C. § 1371(a)(2) ("Imports Provision") to "ban the importation of commercial fish or products from fish" sourced using fishing activities that "result[] in the incidental kill or incidental serious injury" of the critically endangered Māui dolphins (*Cephalorhynchus hectori maui*) "in excess of United States standards." Plaintiff requested a response to its petition within 60 days.

3. In the FOIA Request described in Paragraph 1 above, Plaintiff asked for documents in NMFS' possession regarding the New Zealand Māui dolphin. Specifically, Plaintiff requested all records relating to (1) NMFS' analysis and final decision to list the Māui dolphin as endangered under the Endangered Species Act ("ESA"); (2) NMFS' analysis of bycatch of, or other interactions with, Māui dolphins by the New Zealand fisheries identified in the 2018 Final List of Foreign Fisheries; (3) NMFS' communications with New Zealand authorities in connection with NMFS' preparation of, and since publication of, its Notice of Availability of the 2018 Final List of Foreign Fisheries; and (4) NMFS' analysis or consideration of the application of the Fish and Fish Product Import Provisions of the Marine Mammal Protection Act to New Zealand fisheries interacting with the Māui dolphin. *See* Exhibit A.

4. As of the date of this Complaint, the Federal Defendants have not made an adequate determination regarding the release of documents subject to the FOIA Request, nor have the Federal Defendants provided a timeline or other plan for compliance with the requirements of FOIA to indicate when or whether the FOIA Request will be satisfied.

5. The Federal Defendants are unlawfully withholding a determination on Plaintiff's FOIA Request and are further violating FOIA by failing to disclose promptly any responsive records. By failing to make a timely and adequate determination, and by failing to disclose responsive records in a prompt fashion, the Federal Defendants failed to comply with the statutory mandates and deadlines imposed by FOIA.

COMPLAINT - 2 -

SEA SHEPHERD LEGAL
2226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 504-1600.

6. Accordingly, Plaintiff seeks declaratory relief establishing that the Federal Defendants have violated FOIA. Plaintiff also seeks injunctive relief directing the Federal Defendants to make a determination on the FOIA Request, provide a timeline for the release of responsive, non-exempt documents, and promptly provide the requested material free of cost.

7. Plaintiff brings this lawsuit to obtain a determination on the FOIA Request and, ultimately, timely disclosure of critical information related to NMFS' involvement in fulfilling its duties under the MMPA in general, and the Imports Provision in particular, related to bycatch protections for Māui dolphins. Given the significant potential negative impact of New Zealand fisheries on upon the rapidly diminishing population of Māui dolphins – estimated to consist of only 44 to 57 individuals worldwide – and the strong public interest in disclosure of information that may directly assist Plaintiff's time-sensitive ongoing efforts to protect the Māui dolphins, Plaintiff seeks expeditious treatment of its Complaint pursuant to 28 U.S.C. § 1657.

## STATUTORY BACKGROUND

8. Upon receipt of a written request that "reasonably describes" the records sought and complies with "published rules . . . and procedures to be followed," agencies of the United States government are required to disclose their records "promptly," unless they can be lawfully withheld from disclosure under one of nine specific exemptions in FOIA. 5 U.S.C. § 552(a)(3)(A).

9. FOIA provides that agencies shall "determine within 20 [working] days . . . after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefore, and of the right of such person to appeal to the head of the agency any adverse determination." *Id.* at. § 552(a)(6)(A)(i).

10. In "unusual circumstances," an agency may extend the twenty-day time limit for up to ten working days by providing written notice to the requester setting forth the unusual circumstances and the date on which the determination is expected to be dispatched. *Id.* at § 552(a)(6)(B)(i).

COMPLAINT - 3 -

SEA SHEPHERD LEGAL
2226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 504-1600.

11. In some limited circumstances, FOIA allows an agency to seek an extension potentially beyond ten days. Specifically, FOIA requires an agency to provide written notification to the requester: (1) offering an opportunity to limit the scope of the request so that it may be processed within the twenty working-day limit, or (2) offering an opportunity to arrange with the agency an "alternative time frame" for processing the request. *Id.* at § 552(a)(6)(B)(ii). If the agency elects this option, it must make its FOIA Public Liaison available to the requester to assist in any disputes with the agency. *Id.*

12. Following its determination as to "whether to comply with" a request for records, the agency must then make the requested records "promptly" available, 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)(i), unless it can establish that it may lawfully withhold records, or portions of records, from disclosure under narrowly-defined FOIA exemptions listed in § 552(b). In doing so, it must make reasonable efforts to search for records in a manner that is reasonably calculated to locate all records responsive to the FOIA request. *Id.* at § 552(a)(3)(C)-(D).

13. The statutory time limit governing the agency's decision as to "whether to comply with" a request for records (generally, twenty working days) also governs decisions on fee-waiver requests. The agency may only toll the time period for purposes of a fee-waiver request if it solicits, during the pendency of the time period, additional information "necessary to clarify with the requester issues regarding fee assessment." 5 U.S.C. § 552(a)(6)(A)(ii)(II). As amended, FOIA provides that "[a]n agency shall not assess search fees . . . if the agency fails to comply with any time limit under paragraph (6)." 5 U.S.C. § 552(a)(4)(A)(viii). Paragraph (6), of course, includes the basic twenty-day limit, along with the possibility of tolling to request clarification on a fee-waiver request and the possibility of a ten-day extension for unusual circumstances.

14. If the agency fails to make a determination on a document request within twenty working-days, or within the limited additional time permitted upon proper notification of "unusual circumstances," the requester is deemed to have constructively exhausted administrative remedies

COMPLAINT - 4 -

SEA SHEPHERD LEGAL
2226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 504-1600.

and may seek judicial review. *Id.* at § 552(a)(6)(C)(i).

## JURISDICTION AND VENUE

15. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA) and 28 U.S.C. § 1331 (federal question). This Court may grant declaratory relief under 28 U.S.C. § 2201 *et seq.* (Declaratory Judgment Act) and injunctive relief under 5 U.S.C. § 552(a)(4)(B) (FOIA). An actual, justiciable controversy exists within the meaning of the Declaratory Judgment Act between Plaintiff and the Federal Defendants. The Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

16. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district as the district in which Plaintiff resides. Plaintiff maintains a principal office in the Western District of Washington. Venue is also proper under 28 U.S.C. § 1391(b) because the Federal Defendants are subject to personal jurisdiction in this federal district.

## PARTIES

17. Plaintiff is a nonprofit public interest law organization dedicated to its mission to save marine wildlife and habitats by enforcing, strengthening, and developing protective laws, treaties, policies and practices worldwide. Plaintiff uses public outreach, education, and litigation to advocate for greater protection of marine wildlife and habitats.

18. Plaintiff's interests are harmed by the Federal Defendants' failure to make a determination upon the FOIA Request or otherwise to release the requested documents, which prevents Plaintiff from obtaining, analyzing, disseminating and using the requested information to advance Plaintiff's mission of ensuring the protection of marine wildlife and habitat in general and Māui dolphins in particular.

19. Defendant NMFS is an agency of the U.S. Department of Commerce that has been

COMPLAINT - 5 -

SEA SHEPHERD LEGAL
2226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 504-1600.

delegated the responsibility for implementing the MMPA, 16 U.S.C. §§ 1361 et seq. NMFS is the United States government agency with primary responsibility to ensure that the requirements of the MMPA are followed and enforced, including the requirement that foreign fisheries exporting their products to the United States meet United States standards for limiting bycatch of marine mammals. NMFS is also responsible for the protection, conservation, and recovery of endangered and threatened marine and anadromous species under the ESA, 16 U.S.C. § 1531 et seq. NMFS is in possession and control of the records that Plaintiff seeks.

20. Defendant NOAA is an agency of the U.S. Department of Commerce with supervisory responsibility for NMFS. NOAA administers and oversees FOIA requests made to NMFS. NOAA is in possession and control of the records that Plaintiff seeks.

**FACTUAL BACKGROUND**

21. On December 21, 2018, Plaintiff submitted its FOIA Request via electronic mail to NMFS, reasonably describing all documents of which Plaintiff sought disclosure. *See* Exhibit A.

22. The twentieth working day following December 21, 2018 was January 24, 2019.

23. As explained below, Plaintiff has received six written communications from Federal Defendants, all of which fail to satisfy FOIA's requirements.

24. On December 21, 2018, Plaintiff received the first written communication from the Federal Defendants confirming receipt of Plaintiff's FOIA Request. *See* Exhibit B. A few hours later, Plaintiff received a revised confirmation of receipt from the Federal Defendants containing a minor, non-material change in the text. *See* Exhibit C.

25. On December 21, 2018, Plaintiff also received the second written communication from the Federal Defendants granting Plaintiff's request for a fee waiver. *See* Exhibit D.

26. On January 28, 2019, Plaintiff received the third written communication from the Federal Defendants responding to an earlier telephone inquiry from Plaintiff regarding the status of

COMPLAINT - 6 -

SEA SHEPHERD LEGAL
2226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 504-1600.

its FOIA Request. In this communication, Federal Defendants confirmed that the FOIA Request had been entered into their tracking system but "had not yet been assigned out to a line office for processing," which action was expected to occur within the next few days. *See* Exhibit E

27. On January 28, 2019, Plaintiff responded in writing to the Federal Defendants' third written communication by informing them that (1) the federal government shutdown did not justify an agency's failure to comply with statutory deadlines; (2) a determination on Plaintiff's FOIA Request had been due on January 23, 2019; and (3) a ten working day extension for "unusual circumstances" had not been invoked. Plaintiff demanded a formal determination on its FOIA Request from the Federal Defendants by no later than February 4, 2019. *See* Exhibit F. Although Plaintiff inadvertently represented that the 20th working day since the FOIA Request fell on January 23, instead of correctly stating January 24, this error was immaterial as it was already four days past the January 24th deadline.

28. On March 1, 2019, Plaintiff received the fourth written communication from Federal Defendants, which purported to be an acknowledgment of receipt of Plaintiff's FOIA Request. In this document, the Federal Defendants stated that Plaintiff would be charged fees according to an "other" category – in apparent direct contradiction to the previously granted fee waiver. The Federal Defendants also claimed to invoke a ten working day extension for "unusual circumstances" and requested that Plaintiff contact them if it was interested in narrowing the scope of its FOIA Request. *See* Exhibit G.

29. On March 19, 2019, Plaintiff received the fifth written communication from Federal Defendants requesting that Plaintiff participate in a "scope clarification telephone call" regarding Plaintiff's FOIA Request. *See* Exhibit H.

30. On March 21, 2019, Plaintiff participated in a telephone conference with the Federal Defendants. Plaintiff indicated that, by participating in the call, it was not waiving any rights under FOIA and again requested that the Federal Defendants provide it with a formal determination on its

COMPLAINT - 7 -

SEA SHEPHERD LEGAL
2226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 504-1600.

FOIA Request. The Federal Defendants requested a brief clarification of a limited issue related to Plaintiff's single request for documents concerning NMFS' analysis and final decision to list the Māui dolphin as endangered under the ESA. In response, Plaintiffs provided the requested clarification and asked whether the Federal Defendants had any questions pertaining to the remaining three individual document requests related to international application of the MMPA. The Federal Defendants informed Plaintiff that no personnel from NMFS' international division were on the call and, therefore, they were unable to discuss Plaintiff's remaining three requests for documents – but they were unaware of any questions related to those requests. The Federal Defendants also confirmed that Plaintiff had been granted a fee waiver on December 21, 2018 and, accordingly, Plaintiff understood that it could disregard the statement in the Federal Defendants' March 1, 2019 written communication indicating that Plaintiff would be charged fees according to an "other" category.

31. Given that the Federal Defendants did not send their March 1, 2019 written communication attempting to invoke "unusual circumstances" until thirty-six days following the expiration of the twenty-day determination period, the extension for "unusual circumstances" is statutorily unavailable. *See* 5 U.S.C. § 552(a)(6)(B)(i) (providing that the twenty-day period "may be extended by written notice").

32. Moreover, the Federal Defendants also failed to provide "the date on which a determination is expected to be dispatched," an additional requirement for the ten-day extension. *Id.*

33. Finally, even if the Federal Defendants had properly invoked the ten-day extension, the additional days would have extended only until March 15, 2019 (10 working days after March 1). That date has now long passed without the Federal Defendants issuing a determination on the FOIA Request.

34. As of the date of this Complaint, Plaintiff has not received a legally sufficient determination on its FOIA Request for records.

COMPLAINT - 8 -

SEA SHEPHERD LEGAL
2226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 504-1600.

35. Plaintiff believes and alleges that the Federal Defendants are unlawfully withholding a determination on its FOIA Request.

36. Federal Defendants have not offered a reasonable explanation for their delay, and they have failed to estimate when, or to indicate whether, they will comply with their obligations under FOIA.

37. Because the Federal Defendants have "fail[ed] to comply with the applicable time limit provisions," Plaintiff has constructively exhausted its administrative remedies with respect to the requested documents. 5 U.S.C. § 552(a)(6)(C)(i).

### FIRST CLAIM FOR RELIEF

**Violation of Freedom of Information Act**
*Failure to Respond with a Determination*

38. Plaintiff herein incorporates all allegations contained in the preceding paragraphs.

39. FOIA provides that any person may obtain promptly those agency records that are not subject to the FOIA disclosure exemptions. 5 U.S.C. § 552(a)(3)(A).

40. Plaintiff properly requested records within the control of the Federal Defendants.

41. The Federal Defendants failed to provide Plaintiff with a determination as to whether the Federal Defendants have any non-exempt records responsive to the FOIA Request and whether they intended to release such records within the required timeframe. *Id.* at §§ 552(a)(6)(A)(i); 552(a)(6)(B).

42. The Federal Defendants failed to properly invoke and comply with FOIA's provision allowing a ten working-day extension of the twenty-working day FOIA compliance period for "unusual circumstances." *Id.* at § 552(a)(6)(B)(i).

43. The Federal Defendants failed to properly invoke and comply with FOIA's provision permitting an extension of potentially greater than ten working days by offering Plaintiff an

COMPLAINT - 9 -

SEA SHEPHERD LEGAL
2226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 504-1600.

opportunity to arrange with the agency an alternative time frame for processing the request or a modified request. *Id.* at § 552(a)(6)(B)(ii).

44. Federal Defendant's failure to comply with FOIA is subject to judicial review under 5 U.S.C. § 552(a)(4)(B).

45. Accordingly, Plaintiff is entitled to injunctive and declaratory relief with respect to a determination on the FOIA Request.

## SECOND CLAIM FOR RELIEF

### Violation of Freedom of Information Act
*Failure to Disclose Records Promptly*

46. Plaintiff herein incorporates all allegations contained in the preceding paragraphs.

47. FOIA requires the Federal Defendants to process the FOIA Request described herein and to promptly provide responsive records, or any reasonably segregable portion of a record not subject to specified FOIA exemptions.

48. The Federal Defendants violated Plaintiff's rights under FOIA when they failed to promptly disclose records, or to disclose reasonably segregable portions of lawfully exempt records, that are responsive to the FOIA Request.

49. The Federal Defendants' failure to comply with FOIA is subject to judicial review under 5 U.S.C. § 552(a)(4)(B).

50. Accordingly, Plaintiff is entitled to injunctive and declaratory relief with respect to the Federal Defendants' obligation to disclose responsive records promptly.

COMPLAINT - 10 -

SEA SHEPHERD LEGAL
2226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 504-1600.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court enter judgment providing the following relief:

1. Declare that the Federal Defendants violated FOIA by failing to make a determination on Plaintiff's FOIA Request within the statutory deadlines.

2. Order the Federal Defendants to provide Plaintiff with a final determination on its FOIA Request;

3. Order the Federal Defendants to conduct searches that are reasonably calculated to locate all records – up to the date when the searches are conducted – responsive to the FOIA Request at no cost to Plaintiff;

4. Process and release all records responsive to the FOIA Request at no cost to Plaintiff within twenty days from the date of such order;

5. Retain jurisdiction of this action to ensure the processing of the FOIA Request and to ensure that no agency records are wrongfully withheld;

6. Award Plaintiff costs, including reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

7. Grant Plaintiff any relief that the Court deems just and proper.

Dated this 28th day of March 2019

        s/ Brett W. Sommermeyer
        Brett W. Sommermeyer (WA Bar No. 30003)
        SEA SHEPHERD LEGAL
        2226 Eastlake Ave. East, No. 108
        Seattle, WA 98102
        Phone: (206) 504-1600
        Email: brett@seashepherdlegal.org

COMPLAINT - 11 -

SEA SHEPHERD LEGAL
2226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 504-1600.

| | |
|---|---|
| 1 | s/ Catherine E. Pruett |
| 2 | Catherine E. Pruett (WA Bar No. 35140)<br>SEA SHEPHERD LEGAL |
| 3 | 2226 Eastlake Ave. East, No. 108<br>Seattle, WA 98102 |
| 4 | Phone: (206) 504-1600<br>Email: catherine@seashepherdlegal.org |

Attorneys for Plaintiff SEA SHEPHERD LEGAL

COMPLAINT - 12 -

SEA SHEPHERD LEGAL
2226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 504-1600.