District Judge James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEA SHEPHERD LEGAL,

Plaintiff,

v.

NATIONAL OCEANIC AND
ATMOSPHERIC ADMINISTRATION,
*an agency of the United States*; NATIONAL
MARINE FISHERIES SERVICE, *an agency
of the United States*,

Defendants.

CASE 2:19-cv-463-JLR

PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT

NOTE ON MOTION CALENDAR:
December 11, 2020

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................... iii

INTRODUCTION .......................................................................................1

FACTUAL BACKGROUND .........................................................................2

   I.     SSL'S FOIA REQUESTS.................................................................2

   II.    THE MARINE MAMMAL PROTECTION ACT IMPORTS PROVISION................3

STANDARD OF REVIEW ...........................................................................5

ARGUMENT ...........................................................................................6

   I.     NMFS HAS FAILED TO ESTABLISH THAT THE REDACTED
        INFORMATION IS EXEMPT FROM DISCLOSURE UNDER FOIA ....................6

      A.    NMFS's Redactions Under Exemption 5 Are Improper...........................7

          1.     Many of the redacted records are not "pre-decisional" .....................8

          2.     Some of the redacted information appears to be factual rather than
                "deliberative" ......................................................................8

      B.    NMFS's Redactions Under Exemption 7(A) Are Improper ......................11

          1.     The redactions serve no "law enforcement purpose" .....................12

          2.     There are no "law enforcement proceedings" with which to interfere ...........14

          3.     NMFS already shared most of the redacted information with the New
                Zealand government .............................................................15

      C.    NMFS's Redactions Under Exemptions 6 and 7(C) Are Improper ....................16

   II.    NMFS HAS NOT DEMONSTRATED FORSEEABLE HARM ..............................19

   III.   SEVERAL OF NMFS'S REDACTIONS ARE EXCESSIVE ..................................21

   IV.   IF NECESSARY, THE COURT SHOULD INSPECT THE RECORDS AT ISSUE
         *IN CAMERA* ......................................................................23

CONCLUSION.........................................................................................24

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE 2:19-cv-463-JLR

SEA SHEPHERD LEGAL
2226 EASTLAKE AVE. EAST, NO. 108
SEATTLE, WASHINGTON 98102
(206) 504-1600

ii

## TABLE OF AUTHORITIES

**STATUTES**

5 U.S.C. § 552 et seq..............................................................................................*passim*

16 U.S.C. § 1361 et seq...........................................................................................*passim*

FOIA Improvement Act of 2016
    Pub. L. No. 114-185, 130 Stat. 538 .............................................................1, 19

**CASES**

*Abtew v. U.S. Dep't of Homeland Security*
    808 F.3d 895 (D.C. Cir. 2015) .....................................................................8

*Access Reports v. U.S. Dep't of Justice*
    926 F.2d 1192 (D.C. Cir. 1991)...................................................................8

*Adelante Ala. Workers Ctr. v. U.S. Dep't of Homeland Security*
    376 F. Supp. 3d 345 (S.D.N.Y. 2019) .......................................................19

*American Civil Liberties Union v. U.S. Dep't of Defense*
    628 F.3d 612 (D.C. Cir. 2011)....................................................................24

*Army Times Publ'g Co. v. U.S. Dep't of Air Force*
    998 F.2d 1067 (D.C. Cir. 1993).................................................................22

*Assembly of Cal. v. U.S. Dep't of Commerce*
    968 F.2d 916 (9th Cir. 1992) .....................................................................10

*Campbell v. U.S. Dep't of Health & Human Servs.*
    682 F.2d 256 (D.C. Cir. 1982)....................................................................15

*Carlson v. United States Postal Service*
    2017 U.S Dist. LEX 132599 (N.D. Cal. 2017) ..................................................18

*Carter v. U.S. Dep't of Commerce*
    830 F.2d 388 (D.C. Cir. 1987).....................................................................24

*Citizens Comm'n on Human Rights v. U.S. Food & Drug Admin.*
    45 F.3d 1325 (9th Cir. 1995)  ......................................................................7

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE 2:19-cv-463-JLR

SEA SHEPHERD LEGAL
2226 EASTLAKE AVE. EAST, NO. 108
SEATTLE, WASHINGTON 98102
(206) 504-1600

iii

*Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice*
746 F.3d 1082 (D.C. Cir. 2014)..........................................................................6

*Coastal States Gas Corp. v. U.S. Dep't of Energy*
617 F.2d 854 (D.C. Cir. 1980)...........................................8, 10, 15, 16, 20

*COMPTEL v. FCC*
910 F. Supp. 2d 100 (D.D.C. 2012) ............................................................18, 20

*Envtl. Prot. Servs. v. U.S. Envtl. Prot. Agency*
364 F. Supp. 2d 575 (N.D. W. Va. 2005) ......................................................21

*Favish v. Office of Indep. Counsel*
217 F.3d 1168 (9th Cir. 2000) ........................................................................23

*FBI v. Abramson*
456 U.S. 615 (1972)................................................................................13, 16

*Getman v. Nat'l Lab. Relations Board*
450 F.2d 670 (D.C. Cir. 1971) .......................................................................17

*Hartman v Alexander*
41 A.F.T.R.2d (RIA) 305 (W.D. Pa. 1977) ...................................................14

*Henderson v. U.S. Dep't of Justice*
157 F. Supp. 3d 42 (D.D.C. 2016)..................................................................13

*Hooker v. U.S. Dep't of Health & Human Servs.*
887 F. Supp. 2d 40 (D.D.C. 2012) .................................................................22

*In re Sealed Case*
121 F.3d 729 (D.C. Cir. 1997) .........................................................................8

*Judicial Watch, Inc. v. U.S. Dep't of Commerce*
375 F. Supp. 3d 92 (D.D.C. 2019)..................................................................20

*Judicial Watch, Inc. v. U.S. Dep't of Energy*
310 F. Supp. 2d 271 (D.D.C. 2004) .................................................................8

*Judicial Watch, Inc. v. U.S. Dep't of Justice*
No. 17-cv-0832 (CKK), 2019 U.S. Dist. LEXIS 163473 (D.D.C. Sept. 24, 2019)...........19

*Judicial Watch, Inc. v. U.S. Food & Drug Admin.*
449 F.3d 141 (D.C. Cir. 2006)..........................................................................8

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE 2:19-cv-463-JLR

SEA SHEPHERD LEGAL
2226 EASTLAKE AVE. EAST, NO. 108
SEATTLE, WASHINGTON 98102
(206) 504-1600

iv

*Julian v. U.S. Dep't of Justice*
    806 F.2d 1411 (9th Cir. 1986) ...................................................................................10

*King v. U.S. Dep't of Justice*
    830 F.2d 210 (D.C. Cir. 1987) ....................................................................................7

*Kleinert v. Bureau of Land Management*
    132 F. Supp. 3d 79 (D.D.C. 2015) .............................................................................18

*Lepelletier v. Federal Deposit Ins. Co.*
    164 F.3d 37 (D.C. Cir. 1999)......................................................................................17

*Multi AG Media LLC v. U.S. Dep't of Agric.*
    515 F.3d 1224 (D.C. Cir. 2008)..................................................................................17

*Nat'l Lab. Relations Board v. Robbins Tire & Rubber Co.*
    437 U.S. 214 (1978).....................................................................................................14

*Nat. Res. Def. Council v. U.S. Envtl. Prot. Agency*
    No. 17-CV-5928 (JMF), 2019 WL 3338266 (S.D.N.Y. July 25, 2019) ..................19

*New Orleans Workers' Ctr. for Racial Justice v. U.S. Immigr. & Customs Enforcement*
    373 F. Supp. 3d 16 (D.D.C. 2019) ...............................................................................5

*Petroleum Info. Corp. v. U.S. Dep't of the Interior*
    976 F.2d 1429 (D.C. Cir. 1992)....................................................................................8

*Plunkett v. U.S. Dep't of Justice*
    No. 11-0341(RDM), 2015 U.S. Dist. LEXIS 115469 (D.D.C. Sept. 1, 2015) ........23

*Pub. Employees for Env't Responsibility v. U.S. Section, Int'l Boundary & Water Comm'n*
    740 F.3d 195 (D.C. Cir. 2014)....................................................................................12

*Rosenberg v. U.S. Dep't of Defense*
    342 F. Supp. 3d 62 (D.D.C. 2018) .......................................................................19, 20

*Stone v. U.S. Immigr. and Naturalization Servs.*
    514 U.S. 386 (1995) ....................................................................................................19

*Story of Stuff Project v. U.S. Forest Serv.*
    345 F. Supp. 3d 79 (D.D.C. 2018) .............................................................................18

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE 2:19-cv-463-JLR

SEA SHEPHERD LEGAL
2226 EASTLAKE AVE. EAST, NO. 108
SEATTLE, WASHINGTON 98102
(206) 504-1600

v

*Tax Analysts v. IRS*
    294 F.3d 71 (D.C. Cir. 2002)..................................................................13

*Trans-Pacific Policing Agreement v. U.S. Customs Serv.*
    177 F.3d 1022 (D.C. Cir. 1999)..............................................................22

*Unidad Latina En Accion v. U.S. Dep't of Justice*
    2010 U.S. Dist. LEXIS 143992 (D.D.C. 2010) ....................................18

*U.S. Dept. of Air Force v. Rose*
    425 U.S. 352 (1976).............................................................................6, 23

*U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*
    489 U.S. 749 (1989)..................................................................................6

*Washington Post Co. v. U.S. Dep't of Health & Human Servs.*
    690 F.2d 252 (D.C. Cir. 1982) ...............................................................17

*Wiener v. Federal Bureau of Investigation*
    943 F.2d 972 (9th Cir. 1991) .............................................................7, 23

*Wood v. Federal Bureau of Investigation*
    432 F.3d 78 (2d Cir. 2005)......................................................................18


**FEDERAL REGISTER PUBLICATIONS**

Fish and Fish Product Import Provisions of the Marine Mammal Protection Act
    81 Fed. Reg. 54389 (Aug. 15, 2016)....................................................3, 14

Notification of the Rejection of the Petition to Ban Imports of All Fish and Fish
Products From New Zealand That Do Not Satisfy the Marine Mammal Protection Act
    84 Fed. Reg. 32853 (July 10, 2019)......................................................2, 4

Implementation of Fish and Fish Product Import Provisions of the Marine Mammal
Protection Act-Notification of Rejection of Petition and Issuance of Comparability Findings
    85 Fed. Reg. 71297 (Nov. 9, 2020)..........................................................5


**OTHER**

S. Rep. No. 813, 89th Cong., 1st Sess. (1965)..........................................21

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE 2:19-cv-463-JLR

SEA SHEPHERD LEGAL
2226 EASTLAKE AVE. EAST, No. 108
SEATTLE, WASHINGTON 98102
(206) 504-1600

vi

NOAA Fisheries, *Enforcement*
    https://www.fisheries.noaa.gov/topic/enforcement (last visited May 4, 2020) ......................13

NOAA Fisheries, Office of International Affairs and Seafood Inspection, *About Us*
    https://www.fisheries.noaa.gov/about/office-international-affairs-seafood-inspection (last visited May 4, 2020) ...........................................................................................................15

NOAA Office of General Counsel, *Enforcement Section*
    https://www.gc.noaa.gov/enforce-office.html (last visited May 4, 2020) .............................15

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE 2:19-cv-463-JLR

SEA SHEPHERD LEGAL
2226 EASTLAKE AVE. EAST, NO. 108
SEATTLE, WASHINGTON 98102
(206) 504-1600

vii

**INTRODUCTION**

Plaintiff Sea Shepherd Legal ("SSL") filed the above-captioned lawsuit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, against Defendants National Oceanic and Atmospheric Administration ("NOAA") and the National Marine Fisheries Service ("NMFS") seeking disclosure of agency records. SSL now challenges Defendants' improper redaction of certain records under FOIA Exemptions 5, 6 and 7. When an agency invokes a FOIA exemption, the agency bears the burden of establishing that the exemption is appropriate.

Defendants have not established that the redacted information is exempt from FOIA disclosure or that the information would harm an exemption-protected interest if released for the following primary reasons:

- Defendants' *Vaughn* index is grossly insufficient – failing (among other things) to explain Defendants' rationale for redacting information from the identified records.

- The Exemption 5 redactions involve records that are not pre-decisional or deliberative.

- The Defendants' decision, under the Marine Mammal Protection Act ("MMPA"), as to whether a foreign government's marine mammal protections in its commercial fisheries are "comparable" to those in the United States does not have a "law enforcement purpose," as required for reliance upon Exemption 7.

- Disclosure of names redacted pursuant to Exemptions 6 and 7(C) would serve a public purpose.

- Even to the extent that some of the redactions are technically warranted, there would not be any foreseeable harm to Defendants from their disclosure – as required by the FOIA Improvement Act of 2016.

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE 2:19-cv-463-JLR

SEA SHEPHERD LEGAL
2226 EASTLAKE AVE. EAST, NO. 108
SEATTLE, WASHINGTON 98102
(206) 504-1600

1

Accordingly, SSL respectfully moves the Court for an order granting summary judgment against Defendants.

## FACTUAL BACKGROUND

### I.     SSL'S FOIA REQUESTS

On December 21, 2018, SSL submitted a FOIA Request to Defendants regarding the critically endangered Māui dolphin. Declaration of Brett W. Sommermeyer, dated November 19, 2020 ("Somm. Decl."), Ex. 1 ("First FOIA Request"). Specifically, SSL requested all records relating to a number of items, including, NMFS's analysis of bycatch of, or other interactions with, Māui dolphins in New Zealand fisheries,  NMFS's communications with New Zealand authorities, and NMFS's analysis or consideration of the application of the Fish and Fish Product Import Provisions of the Marine Mammal Protection Act, 16 U.S.C. § 1361 et seq. ("MMPA"), to New Zealand fisheries interacting with the Māui dolphin. *Id.*

On July 15, 2019, SSL submitted a second FOIA Request regarding the Māui dolphin to Defendants. Somm. Decl. Ex. 2 ("Supplemental FOIA Request"). In that request, SSL requested all records "created or acquired" since the search cutoff date for SSL's First FOIA Request (March 18, 2019) relating to some of the same categories as in its previous request, plus documents related to NMFS's preparation of the *Notification of the Rejection of the Petition To Ban Imports of All Fish and Fish Products From New Zealand That Do Not Satisfy the Marine Mammal Protection Act*, 84 Fed. Reg. 32853 (July 10, 2019).

Although Defendants claim that NMFS has released all non-exempt records responsive to

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE 2:19-cv-463-JLR

SEA SHEPHERD LEGAL
2226 EASTLAKE AVE. EAST, NO. 108
SEATTLE, WASHINGTON 98102
(206) 504-1600

2

SSL's Requests,[1] NMFS's responses to SSL's Requests were nonetheless inadequate. NMFS redacted many of the records it released under FOIA Exemptions 5, 6 and 7. *See* 5 U.S.C. § 552(b)(5)-(7). After careful review, SSL has determined that many of NMFS's redactions under those exemptions were improper.

## II.     THE MARINE MAMMAL PROTECTION ACT IMPORTS PROVISION

Section 101(a)(2) of the MMPA states that the Secretary of the Treasury "shall ban the importation of commercial fish or products from fish which have been caught with commercial fishing technology which results in the incidental kill or incidental serious injury of ocean mammals in excess of United States standards." 16 U.S.C. § 1371(a)(2) ("Imports Provision"). NMFS engaged in rulemaking in 2016 to implement the Imports Provision, establishing "procedures and conditions for evaluating a harvesting nation's regulatory program addressing marine mammal incidental mortality and serious injury in its export fisheries, to determine whether it is comparable in effectiveness to the U.S. regulatory program." Fish and Fish Product Import Provisions of the Marine Mammal Protection Act, 81 Fed. Reg. 54389, 54390 (Aug. 15, 2016).

To receive a comparability finding, a harvesting nation must first demonstrate that it has, with limited exceptions, prohibited the intentional mortality or serious injury of marine mammals in the course of commercial fishing operations. *Id*. Second, the harvesting nation must demonstrate that it has "adopted and implemented, with respect to an export fishery, a regulatory program governing the incidental mortality and serious injury of marine mammals in the course of

---

[1] NMFS labeled the records it released to SSL with "DocID" numbers formatted "0.7.2984.#####.#" (the ".#" at the end indicating that the record is an email attachment). Because each record's DocID number begins with "0.7.2984," SSL omits that segment of the DocID number when referring to specific documents herein.

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE 2:19-cv-463-JLR

SEA SHEPHERD LEGAL
2226 EASTLAKE AVE. EAST, NO. 108
SEATTLE, WASHINGTON 98102
(206) 504-1600

3

commercial fishing operations in its export fishery that is comparable in effectiveness to the U.S. regulatory program." *Id*. In cases where NMFS has not yet issued a comparability finding, it "may consider emergency rulemaking to ban imports of fish and fish products from an export or exempt fishery having or likely to have an immediate and significant adverse impact on a marine mammal stock." *Id*. at 54395.

On February 6, 2019, SSL, along with Sea Shepherd New Zealand ("SSNZ") and Sea Shepherd Conservation Society ("SSCS") (together, the "Petitioners"), submitted a petition requesting such an emergency rulemaking. Somm. Decl. Ex. 3. In it, the Petitioners asked certain U.S. government agencies (including NMFS) (the "Agencies") to perform their non-discretionary duty under the Imports Provision to immediately ban all fish and fish products originating from fisheries in the Māui dolphin's range. NMFS officially denied the Petition on June 18, 2019, although, as discussed below, it is clear that the agency made that decision weeks earlier. 84 Fed. Reg. 32853 (July 10, 2019). For reasons that are unclear, however, it waited until July 10, 2019 to issue a notice of the denial. *Id.*

On May 21, 2020, SSL filed a lawsuit on behalf of SSNZ and SSCS against the Agencies in the United States Court of International Trade ("CIT") asserting two claims for relief: (1) the Agencies violated the Administrative Procedure Act ("APA") by failing to ban the import of commercial fish and products from fish caught using gillnets and trawls in the range of the Māui dolphin as required by the MMPA; and (2) the Agencies' denial of the Petition was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the MMPA within the meaning of the APA. *Sea Shepherd New Zealand v. Wilbur Ross,* No. 1:20-cv-00112-GSK (Ct. Int'l Trade May 21, 2020) ("CIT Lawsuit"). The CIT subsequently granted the New Zealand

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE 2:19-cv-463-JLR

SEA SHEPHERD LEGAL
2226 EASTLAKE AVE. EAST, NO. 108
SEATTLE, WASHINGTON 98102
(206) 504-1600

4

government's request for permissive intervention as a party defendant. Somm. Decl. ¶ 5. SSL was not surprised by this intervention as documents produced in this proceeding clearly demonstrated that NMFS was working closely with the New Zealand government in an attempt to help address admitted deficiencies in New Zealand's standards for protecting the Māui dolphin from incidental mortality in commercial fisheries – with the stated goal of avoiding a trade ban. *Id.*

After SSNZ and SSCS filed a motion for a preliminary injunction on their first claim for relief, the CIT defendants moved for a stay and requested a voluntary remand so that NMFS could reconsider the Petition – explaining that the New Zealand government had recently announced new fishery measures intended to protect Māui dolphin and had officially requested a comparability finding. The Court granted the defendants' motion and allowed Petitioners to submit a supplemental emergency rulemaking petition. Somm. Decl. Ex. 4 ("Supplemental Petition").

NMFS rejected the Supplemental Petition on October 26, 2020. 85 Fed. Reg. 71297 (Nov. 9, 2020). It also issued a comparability finding for the West Coast North Island multi-species set-net and trawl fisheries because, according to NMFS, the New Zealand government "has implemented a regulatory program governing the bycatch of Māui dolphin that is comparable in effectiveness to U.S. standards." *Id.* at 71298. Following NMFS's determination, the parties to the CIT Lawsuit agreed that SSNZ and SSCS would file their renewed motion for a preliminary injunction by November 25, 2020.

## STANDARD OF REVIEW

FOIA cases are typically resolved on motions for summary judgment. *New Orleans Workers' Ctr. for Racial Justice v. ICE*, 373 F. Supp. 3d 16, 30 (D.D.C. 2019). FOIA expressly places the burden on the agency to sustain its handling of a FOIA request, which a court reviews

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE 2:19-cv-463-JLR

SEA SHEPHERD LEGAL
2226 EASTLAKE AVE. EAST, NO. 108
SEATTLE, WASHINGTON 98102
(206) 504-1600

5

1  *de novo. DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 755 (1989). When the
2  agency fails to carry this burden, the court should grant summary judgment in favor of the plaintiff.
3  *See, e.g.*, *Citizens for Responsibility & Ethics in Wash. v. DOJ*, 746 F.3d 1082 (D.C. Cir. 2014).
4  FOIA's basic purpose reflects "a general philosophy of full agency disclosure unless information
5  is exempted under clearly delineated statutory language." *U.S. Dept. of Air Force v. Rose*, 425
6  U.S. 352, 360-61 (1976). The statute includes nine exemptions from disclosure, "[b]ut these
7  limited exemptions do not obscure the basic policy that disclosure, not secrecy, is the dominant
8  objective of the Act." *Id.* at 361. FOIA exemptions therefore "must be narrowly construed." *Id.*

## ARGUMENT

12  Despite the Supreme Court's repeated directive that FOIA exemptions be narrowly
13  construed, NMFS has done just the opposite with its redactions – stretching narrow exemptions to
14  unsupportable dimensions, as evidenced by its woefully inadequate *Vaughn* index. In addition,
15  NMFS has not demonstrated foreseeable harm that would result from release of the redacted
16  information. Moreover, many of the redactions are excessive. The Court should therefore order
17  NMFS to release the redacted information to SSL immediately. If, however, the Court determines
18  that it needs additional information before ruling on SSL's motion because of the *Vaughn* index's
19  inadequacy, it should examine the records at issue *in camera* to determine if NMFS has properly
20  applied the exemptions asserted.

### I.   NMFS HAS FAILED TO ESTABLISH THAT THE REDACTED INFORMATION IS EXEMPT FROM DISCLOSURE UNDER FOIA

25  NMFS asserts that its redactions are justified under FOIA Exemptions 5, 6 and 7. *See* 5
26  U.S.C. § 552(b)(5)-(7). To narrow the issues before the Court, SSL identified a set of 53 test
27  records and asked Defendants to provide a *Vaughn* index explaining NMFS's rationale for

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE 2:19-cv-463-JLR

SEA SHEPHERD LEGAL
2226 EASTLAKE AVE. EAST, NO. 108
SEATTLE, WASHINGTON 98102
(206) 504-1600

6

redacting information from those records. Somm. Decl. Ex. 5. Under Ninth Circuit precedent, a *Vaughn* index must: (1) identify each document withheld; (2) state the statutory exemption claimed; and (3) explain how disclosure would damage the interests protected by the claimed exemption." *Citizens Comm'n on Human Rights v. Food & Drug Admin.,* 45 F.3d 1325, 1326 n.1 (9th Cir. 1995). "Specificity is the defining requirement of the *Vaughn* index and affidavit; affidavits cannot support summary judgment [upholding the government's claimed exemption] if they are 'conclusory, merely reciting statutory standards, or if they are too vague or sweeping.'" *King v. U.S. Dep't of Justice*, 830 F.2d 210, 219 (D.C. Cir. 1987).

Here, Defendants' *Vaughn* index is plainly inadequate to support NMFS's redactions. It lacks detail, relies on generalized boilerplate language, and fails to provide SSL and the Court with a particularized explanation of how disclosure of the redacted information would damage the interests protected by the claimed exemptions. *See Wiener v. FBI*, 943 F.2d 972, 977 (9th Cir. 1991). NMFS has therefore failed to meet its burden of establishing that FOIA Exemptions 5, 6 and 7 protect the redacted information from disclosure.

### A.   NMFS's Redactions Under Exemption 5 Are Improper

The *Vaughn* index states that NMFS redacted certain documents under Exemption 5 because they reflect "internal deliberations of NMFS staff over their analysis of New Zealand's risk assessment." Somm. Decl. Ex. 5. Exemption 5 protects "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency, provided that the deliberative process privilege shall not apply to records created 25 years or more before the date on which the records were requested." 5 U.S.C. §

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE 2:19-cv-463-JLR

SEA SHEPHERD LEGAL
2226 EASTLAKE AVE. EAST, NO. 108
SEATTLE, WASHINGTON 98102
(206) 504-1600

7

552(b)(7). "In keeping with the FOIA's goal of broad disclosure, Exemption 5 is construed narrowly," *Judicial Watch, Inc. v. United States DOE*, 310 F. Supp. 2d 271, 310 (D.D.C. 2004).

To invoke the deliberative process privilege, an agency must show, *inter alia*, that the exempt record is both "pre-decisional" and "deliberative." *See, e.g.*, *Access Reports v. DOJ*, 926 F.2d 1192, 1194 (D.C. Cir. 1991). The agency bears the burden of establishing both elements. *Coastal States Gas Corp. v. U.S. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980). In this case, NMFS has invoked the deliberative process privilege to redact portions of a large swath of records. SSL has examined those redactions and identified 32 records where NMFS's reliance on Exemption 5 is improper because: (1) the records post-date NMFS's decision to reject the Petition and are therefore not "pre-decisional"; or (2) the information redacted appears to be factual as opposed to "deliberative."

### 1. Many of the redacted records are not "pre-decisional"

"A document is 'pre-decisional' if it precedes, in temporal sequence, the 'decision' to which it relates," *Abtew v. U.S. Dep't of Homeland Security*, 808 F.3d 895, 898 (D.C. Cir. 2015), or was "'prepared in order to assist an agency decisionmaker in arriving at his decision,' rather than to support a decision already made." *Petroleum Info. Corp. v. U.S. Dep't of the Interior*, 976 F.2d 1429, 1434 (D.C. Cir. 1992) (quoting *Renegotiation Bd. v. Grumman Aircraft,* 421 U.S. 168, 184 (1975)); *see, e.g., Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 151 (D.C. Cir. 2006) (record must be antecedent to the adoption of an agency policy); *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997) ("The deliberative process privilege does not shield documents that simply state or explain a decision the government has already made[.]").

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE 2:19-cv-463-JLR

SEA SHEPHERD LEGAL
2226 EASTLAKE AVE. EAST, NO. 108
SEATTLE, WASHINGTON 98102
(206) 504-1600

8

The decision at issue in this case, and one of the decisions that SSL is challenging in the CIT Lawsuit, is NMFS's decision to reject SSL's 2019 petition. Although it is unclear exactly when NMFS made that decision internally, it is apparent that it had already done so when many of the records that it redacted under Exemption 5 were created. Redacted records that clearly post-date NMFS's decision to reject the Petition include:

**Internal NOAA Emails:** NMFS released multiple internal NOAA emails from June and July 2019 that discuss NMFS's determination to reject SSL's 2019 petition.[2] It is clear from the face of these emails that NMFS already had decided to reject the petition and was simply working on the substance and timing of the rejection notice.

**"Decision Memorandum":** NMFS released several versions of a "Decision Memorandum" (and records commenting on that memorandum) informing NOAA's Assistant Administrator of Fisheries of NMFS's decision to reject the 2019 petition and seeking his "concurrence."[3]

**Draft Federal Register Notices:** NMFS released drafts of the Federal Register Notice it eventually published to announce its decision to reject the 2019 petition.[4] These drafts and the accompanying comments reflect deliberations over how NMFS would explain its decision, *not* what that decision would be, as the decision already had been made.

**"Roll-Out Plan":** NMFS released a "Roll Out Plan" for "Notice Rejecting Petition Requesting a Ban on Imports of Fish and Fish Products from New Zealand that Do Not Satisfy the Marine Mammal Protection Act Section 101," dated July 10, 2019.[5]

None of the records described above are "pre-decisional" – they all were created *after* NMFS had decided to reject the Petition. Accordingly, the deliberative process privilege does not exempt the information redacted from these records from FOIA disclosure.

---

[2] *See* Somm. Decl. Ex. 6 (DocID 10283), Ex. 7 (DocID 10329), Ex. 8 (DocID 10350), Ex. 9 (DocID 10364), Ex. 10 (DocID 10521), Ex. 11 (DocID 10527), Ex. 12 (DocID 10784), Ex. 13 (DocID 10795).

[3] *See* Somm. Decl. Ex. 14 (DocID 10283.1), Ex. 15 (DocID 10288), Ex. 16 (DocID 10372.2), Ex. 17 (DocID 10486.1), Ex. 18 (DocID 10491.1).

[4] *See* Somm. Decl. Ex. 19 (DocID 10117.2), Ex. 20 (DocID 10147.1), Ex. 21 (DocID 10397.1).

[5] *See* Somm. Decl. Ex. 22 (DocID 10301.1).

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE 2:19-cv-463-JLR

SEA SHEPHERD LEGAL
2226 EASTLAKE AVE. EAST, NO. 108
SEATTLE, WASHINGTON 98102
(206) 504-1600

9

1

2

### 2. Some of the redacted information appears to be factual rather than "deliberative"

Deliberative records "reflect[] the give-and-take of the consultative process." *Coastal States Gas Corp.*, 617 F.2d at 867. They can include "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Id.* However, "communications containing purely factual material are not typically within the purview of Exemption 5." *Julian v. U.S. Dep't of Justice*, 806 F.2d 1411, 1419 (9th Cir. 1986). FOIA "favor[s] disclosure of factual documents, or the factual portions of deliberative documents where such a separation is feasible." *Assembly of Cal. v. U.S. Dep't of Commerce*, 968 F.2d 916, 921 (9th Cir. 1992).

Here, although it is difficult to assess the contents of NMFS's redactions because the *Vaughn* index explaining them is wholly inadequate, it appears that NMFS redacted factual information from the records it released to SSL. Such records include:

**"Three Things" Memorandum:** NMFS released several versions of a memorandum referred to herein as the "Three Things" memorandum, in reference to a section heading on the document's first page.[6] The stated purpose of the memorandum is to inform the reader of the "status of consultations with the government of New Zealand related to the petition to ban imports of fish and fish products from New Zealand that result in the incidental kill or serious injury of Māui dolphin." NMFS redacted portions of the memoranda, including factual information that appears to relate to scientific analyses of threats to the Māui dolphin, the Māui dolphin's interaction with New Zealand fisheries, Māui dolphin mortality, and NMFS's consultations with the New Zealand government regarding the 2019 petition.

**"Risk Assessment" Memorandum:** NMFS released two versions of a "risk assessment" memorandum created by two NOAA scientists "[f]or purposes of evaluating comparability of fisheries regulations to management under the US MMPA for Māui dolphins."[7] One of

---

[6] *See* Somm. Decl. Ex. 23 (DocID 10316.1), Ex. 24 (DocID 10168.1), Ex. 25 (DocID 10406.1), Ex. 26 (DocID 10116.1), Ex. 27 (DocID 10239.1).

[7] *See* Somm. Decl. Ex. 28 (DocID 10316.2), Ex. 29 (DocID 10695.3).

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE 2:19-cv-463-JLR

SEA SHEPHERD LEGAL
2226 EASTLAKE AVE. EAST, NO. 108
SEATTLE, WASHINGTON 98102
(206) 504-1600

10

the two versions indicates that the memorandum discusses, *inter alia*, New Zealand's proposed mortality limit, "Potential Biological Removal" ("PBR"), and predicted levels of Māui dolphin deaths. Despite the highly factual nature of these issues, both versions of the memorandum are redacted almost in their entirety.

**Notes from Consultations with the New Zealand Government:** NMFS released what appear to be two sets of type-written notes from meetings with members of the New Zealand government.[8] The notes – which, given the subject matter, almost certainly contain factual information – are almost entirely redacted.  It does not appear that NMFS made any effort to separate factual information from information protected from disclosure when it made these redactions.

Thus, the unredacted information in these records strongly suggests that the redacted information includes *factual* information. To the extent that is the case, NMFS's redactions under the Exemption 5 deliberative process privilege are improper.

### B.   NMFS's Redactions Under Exemption 7(A) Are Improper

"Improper" does not begin to describe NMFS's redactions under 5 U.S.C. § 552(b)(7), which border on the absurd. In an apparent attempt to obscure its deliberations on the 2019 Petition from public scrutiny, NMFS is withholding information responsive to SSL's FOIA requests on the basis that the information is somehow related to law enforcement. There is absolutely no factual or legal basis for that claim. NMFS's redactions under both Exemption 7(A) and Exemption 7(C), see *infra*, are therefore completely inappropriate.

Under Exemption 7(A), an agency may withhold disclosure of "records or information compiled for *law enforcement purposes*, but only to the extent that the production of such law enforcement records or information could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A) (emphasis added). Significantly, the first part of this inquiry

---

[8] *See* Somm. Decl. Ex. 30 (DocID 10418.1), Ex. 31 (DocID 10593.1).

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE 2:19-cv-463-JLR

SEA SHEPHERD LEGAL
2226 EASTLAKE AVE. EAST, NO. 108
SEATTLE, WASHINGTON 98102
(206) 504-1600

11

– whether the records were compiled for "law enforcement purposes" – is the threshold determination under Exemption 7. *Pub. Employees for Env't Responsibility v. U.S. Section, Int'l Boundary & Water Comm'n, U.S.-Mexico*, 740 F.3d 195, 202-03 (D.C. Cir. 2014). If that initial requirement is not satisfied, there is no need for a court to proceed further with an analysis as to whether the exemption applies.

### 1.    The redactions serve no "law enforcement purpose"

Here, NMFS improperly seeks to apply Exemption 7(A) protections to agency rulemaking in an international trade context.[9] Like Congress passing a law, the agency action in question here – issuance of a comparability finding under the MMPA Imports Provision – is legislative in nature. It also implicates issues of international trade – with the central question being should the United States ban imports from a foreign State?[10] Indeed, it could not be law enforcement, as NMFS has no jurisdiction over New Zealand, a sovereign State. The MMPA makes it unlawful to *import* fish and fish products caught without a comparability finding into the United States. NMFS does not, and cannot, exercise jurisdiction over the *exports* of a foreign nation. While undoubtedly an import ban affects New Zealand, in no sense does NMFS exercise law enforcement authority over New Zealand, a sovereign state.

Notably, in assessing whether a record has been prepared for law enforcement purposes, courts look to "the purpose for which the document sought to be withheld was prepared." *FBI v.*

---

[9] *See* Somm. Decl. Ex. 32 (DocID 10174.2), Ex. 33 (DocID 10237.1), Ex. 34 (DocID 10237.2), Ex. 35 (DocID 10349.2), Ex. 8 (DocID 10350), Ex. 36 (DocID 10433.1).

[10] The Import Provision was created to not only help protect marine mammals but also to protect U.S. fisher interests by creating a "level playing field" with international fishers not subject to U.S. laws like the MMPA. Reauthorization of the Magnuson-Stevens Fishery Conservation and Management Act: NOAA and Council Perspectives (Part 1): Hearing Before the Subcommittee on Oceans, Atmosphere, Fisheries, and Coast Guard of the S. Committee on Commerce, Science, and Transportation, 115th Cong., S. Hrg. 115-536, at 22 (2017).

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE 2:19-cv-463-JLR

SEA SHEPHERD LEGAL
2226 EASTLAKE AVE. EAST, NO. 108
SEATTLE, WASHINGTON 98102
(206) 504-1600

12

*Abramson*, 456 U.S. 615, 624, 626 (1982). Courts have denied Exemption 7 protections when there is an insufficient nexus between the records at issue and an agency's law enforcement function. *See, e.g.*, *Henderson v. U.S. Dep't of Justice*, 157 F. Supp. 3d 42, 49-50 (D.D.C. 2016). S-called "mixed-function" agencies are held to a higher standard to show that the records at issue involved the enforcement of a statute or regulation within their authority and that the records were compiled for law enforcement purposes. *See, e.g.*, *Tax Analysts v. IRS*, 294 F.3d 71, 77 (D.C. Cir. 2002). As "mixed-function" agencies, Defendants must meet this exacting standard. They do not even come close to doing so.

According to NOAA's website, it is primarily a scientific agency; only certain discrete offices within NOAA focus on enforcing the law. NOAA's Office of Law Enforcement "enforce[s] more than 40 laws designed to protect marine life and their habitat," and "ensure compliance with the nation's marine resource laws and take enforcement action when violators disobey the laws."[11] Additionally, the Enforcement Section of NOAA's Office of General Counsel "prosecutes civil penalty cases, permit sanctions, and administrative forfeitures; provides support to the U.S. Department of Justice in prosecution of law enforcement cases in Federal courts."[12] However, neither of those Offices were involved in the rulemaking here. Rather, NMFS's Office of International Affairs and Seafood Inspection, which has no law enforcement function, performed the rulemaking.[13]

---

[11] NOAA Fisheries, *Enforcement*, https://www.fisheries.noaa.gov/topic/enforcement (last visited May 4, 2020).

[12] NOAA Office of General Counsel, *Enforcement Section*, https://www.gc.noaa.gov/enforce-office.html (last visited May 4, 2020).

[13] NOAA Fisheries, Office of International Affairs and Seafood Inspection, About Us, https://www.fisheries.noaa.gov/about/office-international-affairs-seafood-inspection (last visited May 4, 2020).

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE 2:19-cv-463-JLR

SEA SHEPHERD LEGAL
2226 EASTLAKE AVE. EAST, No. 108
SEATTLE, WASHINGTON 98102
(206) 504-1600

13

In light of the above, Defendants' claim that the records NMFS redacted under Exemption 7 were "compiled for law enforcement purposes" is simply ridiculous. 5 U.S.C. § 552(b)(7). Accordingly, *none* of NMFS's Section 552(b)(7) redactions, whether based on Exemption 7(A) or Exemption 7(C) (see *infra*), are proper. NMFS's failure to meet the threshold "law enforcement purposes" requirement ends the Exemption 7 analysis – meaning the court need not even consider SSL's other Exemption 7 arguments – and obligates NMFS to release *all* of the information withheld on that basis.

### 2.    There are no "law enforcement proceedings" with which to interfere

To fit within Exemption 7(A), the government must show that (1) a law enforcement proceeding is pending or prospective and (2) release of the information could reasonably be expected to cause some articulable harm. *See Nat'l Lab. Relations Board v. Robbins Tire & Rubber Co. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224 (1978). While courts have not yet clearly defined what constitutes an "enforcement proceeding," it typically entails a civil or criminal hearing. *See, e.g.*, *Nat'l Lab. Relations Board*, 437 U.S. 214 (pending unfair labor practices hearing); *Hartman v Alexander*, 41 A.F.T.R.2d (RIA) 305 (WD Pa 1977) (pending Tax Court proceeding). Here, NMFS's rule implementing the Imports Provision does not provide for any sort of proceeding, much less a "law enforcement proceeding." *See* 81 Fed. Reg. 54390 (Aug. 15, 2016). Additionally, the "usual rationales given for [applying Exemption 7(A)] is the danger of witness intimidation, the witness' desire to maintain confidentiality, and concern that premature disclosure would create a chilling effect on potential witnesses and dry up sources of information." None of those rationales are implicated in this case, nor could they be: as noted above, there was

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE 2:19-cv-463-JLR

SEA SHEPHERD LEGAL
2226 EASTLAKE AVE. EAST, NO. 108
SEATTLE, WASHINGTON 98102
(206) 504-1600

14

no law enforcement purpose involved in compiling the information at issue. It is therefore clear that NMFS is stretching Exemption 7(A)'s protections far beyond their contemplated purpose.

### 3.    NMFS already shared most of the redacted information with the New Zealand government

Even if NMFS had compiled the information at issue for a "law enforcement purpose" – which it clearly did not – and even if there were a pending or prospective law enforcement proceeding related to this case – which there obviously is not given that this matter has nothing to do with law enforcement – where, as here, the FOIA request was made by a third party seeking information to which *the subject* of the law enforcement proceeding already has access, it is presumed that disclosure of such information does not harm the proceedings. *See, e.g., Coastal States Gas Corp.*, 617 F.2d at 870. The government must make a very particularized showing of harm to or interference with law enforcement proceedings when the subject of the proceedings already has access to the requested information. *Campbell v. Dep't of Health & Human Servs.*, 682 F.2d 256, 265 (D.C. Cir. 1982). There is no such showing here.

It is apparent from the face of records themselves (and/or from the cover emails to which those records were attached) that NMFS shared all but one of the records it redacted under Exemption 7(A) with the *subject* of the alleged law enforcement proceeding: the New Zealand government.[14] Thus, even if there were pending or prospective law enforcement proceedings regarding New Zealand's failure to protect the Māui dolphin from extinction, those proceedings could not be harmed by disclosure of information in the records released to SLL because NMFS

---

[14] *See* Somm. Decl. Ex. 33 (DocID 10237.1), Ex. 34 (DocID 10237.2), Ex. 35 (DocID 10349.2), Ex. 36 (DocID 10433.1).

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE 2:19-cv-463-JLR

SEA SHEPHERD LEGAL
2226 EASTLAKE AVE. EAST, NO. 108
SEATTLE, WASHINGTON 98102
(206) 504-1600

15

1    already provided that information to the New Zealand government. *See Coastal States Gas Corp.*,

2    617 F.2d at 870.

3        C.    **NMFS's Redactions Under Exemptions 6 and 7(C) Are Improper**

4

5        Finally, NMFS has invoked FOIA Exemption 6 and 7(C) "to redact the names and other

6    identifying information (email addresses, phone numbers, titles, etc.) of New Zealand government

7    personnel in the mails between NMFS and the government of New Zealand."[15] Sommermyer Decl.

8    Ex. 5.  An agency may withhold records pursuant to FOIA Exemption (7)(C) if the record is both

9    "compiled for law enforcement purposes" and if the release of the records also "could reasonably

10   be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(c).

11

12   This exemption, like the other FOIA exemptions, is to be "narrowly construed." *See, e.g.,*

13   *Abramson*, 456 U.S. at 630.

14       Similar to Exemption 7(C), Exemption 6 permits the withholding of "personnel and

15

16   medical files and similar files" when the disclosure of such information "would constitute a clearly

17   unwarranted invasion of personal privacy."[16] 5 U.S.C. § 552(b)(6). In assessing the applicability

18   of Exemption 6, courts weigh the "privacy interest in non-disclosure against the public interest in

19

20   the release of the records in order to determine whether, on balance, the disclosure would work a

21

22

23

---

24   [15] *See* Somm. Decl. Ex. 37 (DocID 10255), Ex. 38 (DocID 10227), Ex. 39 (DocID 10261), Ex. 40 (DocID 10269),

25   Ex. 15 (DocID 10288), Ex. 41 (DocID 10291), Ex. 42 (DocID 20036), Ex. 43 (DocID 20039), Ex. 44 (DocID 10344),
     Ex. 45 (DocID 10349), Ex. 46 (DocID 10401), Ex. 30 (DocID 10418.1), Ex. 47 (DocID 10444), Ex. 48 (DocID

26   10454), Ex. 48 (DocID 10711), Ex. 13 (DocID 10795) Ex. 50 (DocID 20036.1), Ex. 51 (DocID 20039.1).

     [16] NMFS redacted four documents under Exemption 6 "to withhold personal cell phone numbers." *See* Somm. Decl.
27   Ex. 46 (DocID 10401), Ex. 5 (DocID 10437), Ex. 47 (DocID 10444), Ex. 48 (DocID 10454), Ex. 13 (DocID 10795).
     SSL is not challenging redactions of personal cell phone numbers.

28

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE 2:19-cv-463-JLR

SEA SHEPHERD LEGAL
2226 EASTLAKE AVE. EAST, NO. 108
SEATTLE, WASHINGTON 98102
(206) 504-1600

16

clearly unwarranted invasion of personal privacy."[17] *Lepelletier v. Federal Deposit Ins. Co.*, 164 F.3d 37, 46 (D.C. Cir. 1999). The phrase "clearly unwarranted" expressly "instructs the court to tilt the balance in favor of disclosure." *Getman v. Nat'l Lab. Relations Board*, 450 F.2d 670, 674 (D.C. Cir. 1971).

Here, as a threshold matter and as explained above, NMFS has failed to establish that they compiled the information it redacted under Exemption 7(C) for "law enforcement purposes" or that there is a pending or prospective "law enforcement proceeding." NMFS's redactions under Exemption 7(C) are therefore completely baseless. Moreover, with respect to NMFS's redactions under both Exemptions 6 and 7(C), courts have consistently held that the public interest requires disclosure of identities in records where needed to serve FOIA's core purpose of promoting government accountability. *See, e.g., Multi AG Media LLC v. Dep't of Agric.*, 515 F.3d 1224, 1232 (D.C. Cir. 2008) ("FOIA is intended to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed.").

In this case, SSL is entitled to learn the identities of the individuals in question because such information could reveal, among other things: (1) who inside and outside the agencies consulted on the decision; (2) whether those individuals have conflicts of interest;[18] (3) whether those individuals were under political pressure to give specific recommendations; and (4) whether

---

[17] NMFS redacted one document under both Exemption 5 and Exemption 6, but its *Vaughn* Index entry for that document focuses only on Exemption 5 and fails to explain why Exemption 6 applies. *See* Somm. Decl. Ex. 15 (DocID 10288). Accordingly, as NMFS has failed to meet its burden with respect to this document.

[18] If, for example, NMFS relied on the advice of an individual or entity with a financial interest in the agency's handling of the 2019 Petition, that fact must be exposed to public scrutiny. *See, e.g., Washington Post Co. v. United States Dep't of Health & Human Servs.*, 690 F.2d 252, 265 (D.C. Cir. 1982) ("The public disclosure of conflicts of interest is desirable despite its cost in loss of personal privacy.").

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE 2:19-cv-463-JLR

SEA SHEPHERD LEGAL
2226 EASTLAKE AVE. EAST, NO. 108
SEATTLE, WASHINGTON 98102
(206) 504-1600

17

those individuals have sufficient expertise to weigh in on issues that impact the Māui dolphin's very survival. *See Wood v. Federal Bureau of Investigation*, 432 F.3d 78, 88 (2d Cir. 2005).

Regarding disclosure of names of United States agency employees, courts generally favor disclosure where, as here, the agency fails to provide a *detailed* explanation of the harm to the individuals whose personal information is at issue would suffer from disclosure.[19] As the Court in *COMPTEL v. FCC*, 910 F. Supp. 2d 100, 124 (D.D.C. 2012), explained:

> [W]hatever hypothetical privacy interests the Court may imagine, the FCC has not met its burden to show that Exemption 6 was appropriately invoked. The FCC suggests that names, office addresses, job titles, work phone numbers, etc. are 'personal and private identifying information' in which 'individuals have an expectation of privacy.' However, the FCC's *Vaughn* index does nothing more than restate the law and its declaration does not even address the redactions made pursuant to either Exemption 6 or Exemption 7(C). While courts often uphold the redaction of personal identifying information under Exemption 6, the agency must at least provide the Court with some basis for such an interest. . . . While the Court can imagine situations in which a privacy interest might exist because of these individuals' roles in the FCC investigation, the FCC has not provided any such justification.

The identities of employees of the New Zealand government are likewise subject to disclosure under well-established precedent. For example, in *Story of Stuff Project v. United States Forest Service*, 345 F. Supp. 3d 79, 97 (D.D.C. 2018), the court ordered disclosure of names of "private individuals who are employed by a private business and government employees" who authored scientific reports or worked on biological surveys where the agency failed to "provide detailed information about why disclosing the withheld names would constitute an invasion of

---

[19] *See, e.g., Carlson v. United States Postal Service*, 2017 U.S Dist. LEX 132599 (N.D. Cal. 2017) (ordering disclosure of names and email addresses of Postal Service employees); *Kleinert v. Bureau of Land Management*, 132 F. Supp. 3d 79 (D.D.C. 2015) (ordering disclosure of names and contact information of BLM employees); *Unidad Latina En Accion v. United States DOJ*, 2010 U.S. Dist. LEXIS 143992 (D.D.C. 2010) (ordering disclosure of "names of non-USAO government officials and any third parties").

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE 2:19-cv-463-JLR

SEA SHEPHERD LEGAL
2226 EASTLAKE AVE. EAST, NO. 108
SEATTLE, WASHINGTON 98102
(206) 504-1600

18

privacy." Similarly, in *Adelante Ala. Workers Ctr. V. United States Department of Homeland Security*, 376 F. Supp. 3d 345, 367 (S.D.N.Y. 2019), the court held that the identities and professional backgrounds of certain outside experts because the "mere possibility that the release of information could potentially lead to harassment is not evidence of a 'real' threat of harassment." Such is the case with the New Zeland government employees here.

## II.    NMFS HAS NOT DEMONSTRATED FORSEEABLE HARM

The FOIA Improvement Act of 2016 codified the "foreseeable harm" standard for defending agency decisions to withhold information. *See Rosenberg v. U.S. Dep't of Defense*, 342 F. Supp. 3d 62, 72 (D.D.C. 2018). In sum, FOIA now requires that an agency "release a record – even  if it falls within a FOIA exemption – if releasing the record would not reasonably harm an exemption-protected interest and if its disclosure is not prohibited by law." *Judicial Watch*, 2019 U.S. Dist. LEXIS, at *3 (internal quotation mark omitted). Moreover, if an agency decides to withhold information under an exemption, it must provide more than "generic and nebulous articulations of harm." *Id.* at *4–5.

The foreseeable-harm requirement "impose[s] an independent and meaningful burden on agencies." *Nat. Res. Def. Council v. U.S. Envtl. Prot. Agency*, No. 17-CV-5928 (JMF), 2019 WL 3338266, at *1 (S.D.N.Y. July 25, 2019). It was intended to restrict agencies' discretion in withholding documents under FOIA. *See Stone v. INS*, 514 U.S. 386, 397 (1995) ("When Congress acts to amend a statute, we presume it intends its amendment to have real and substantial effect."). In this case, NMFS has abused its discretion in withholding documents because *none* of the information it redacted would harm an exemption-protected interest if released.

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE 2:19-cv-463-JLR

SEA SHEPHERD LEGAL
2226 EASTLAKE AVE. EAST, NO. 108
SEATTLE, WASHINGTON 98102
(206) 504-1600

19

Regarding Exemption 5, "'to satisfy the foreseeable harm standard,' an agency 'must explain how a particular Exemption 5 withholding would harm the agency's deliberative process.' An agency may not 'perfunctorily state that disclosure of all the withheld information – regardless of category or substance – would jeopardize the free exchange of information' among or between government officials." *Nat. Res. Def. Council v. U.S. Envtl. Prot. Agency*, No. 17 Civ. 5928 (JMF), 2019 U.S. Dist. LEXIS 124353, at *1 (S.D.N.Y. July 25, 2019) (internal citations omitted) (quoting *Rosenberg*, 342 F. Supp. 3d at 78) "If the mere possibility that disclosure discourages a frank and open dialogue was enough for the exemption to apply, then Exemption 5 would apply whenever the deliberative process privilege was invoked regardless of whether disclosure of the information would harm an interest protected by the exemption." *Judicial Watch*, 375 F. Supp. 3d at 101.

Here, NMFS's boilerplate rationale for its Exemption 5 redactions – which relies on vague and conclusory statements about the "chilling effect" and "confusion" NMFS Regarding Exemption 6 and 7(C), as noted above, courts generally tilt in favor of disclosure where, as here, the agency fails to provide a detailed explanation of the harm to the individuals whose personal information is at issue would suffer from disclosure. *See,e.g., COMPTEL*, 910 F. Supp. at 124. Here, the Vaughn index's boilerplate rationale for NMFS's redaction of identifying information (email addresses, phone numbers, titles, etc.) of New Zealand government personnel provides no basis whatsoever for the Court to determine whether the individuals at issue have an actual, non-speculative privacy interest in seeing that such information is withheld from disclosure. *See Coastal States Gas Corp.*, 617 F.2d at 861.

Likewise, application of Exemption 7(A) or 7(C) to NMFS's rulemaking does not prevent "harm [to] the Government's case in court," the purpose Congress intended the Exemption 7 to

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE 2:19-cv-463-JLR

SEA SHEPHERD LEGAL
2226 EASTLAKE AVE. EAST, NO. 108
SEATTLE, WASHINGTON 98102
(206) 504-1600

20

serve. S. Rep. No. 813, 89th Cong., 1st Sess. (1965).  This central purpose is reflected in court opinions upholding Exemption 7 withholdings. *See, e.g.*, *Envtl. Prot. Servs. v. U.S. Envtl. Prot. Agency*, 364 F. Supp. 2d 575, 588 (N.D. W. Va. 2005) (noting that "[t]he disclosure of these withheld documents would prematurely reveal the EPA's case against the plaintiff in the administrative proceeding that is currently pending."). In enacting Exemption 7(A) "Congress recognized that law enforcement agencies had legitimate needs to keep certain records confidential, lest the agencies be hindered in their investigations," and structured the exemption to prevent potential litigants from obtaining "earlier or greater access to agency investigatory files than they would otherwise have." *Nat'l Lab. Relations Board*, 437 U.S. at 224-25. None of these animating concerns are present in this case. There is no risk of harming the Government's case in court, as there is no case in court. There is no risk of litigants obtaining earlier or greater access to investigatory files, as there are no litigants.

In light of the above, even if the Court determines that some or all of the information NMFS redacted in the documents it released to SSL is covered by one or more FOIA exemptions, that information should nonetheless be released as its disclosure poses no foreseeable harm to any exemption-protected interest.[20]

## III.    SEVERAL OF NMFS'S REDACTIONS ARE EXCESSIVE

Finally, even to the extent that NMFS has adequate justification to make some of the Exemption 5 and 7 redactions discussed above, several of the redactions are excessive. *See, e.g.,*

---

[20] In addition to the records already identified above, SSL challenges NMFS's redactions to several other documents on the basis that the information contained therein, if released, poses no threat of foreseeable harm. *See* Somm. Decl. Ex. 52 (DocID 10343.l), Ex. 46 (DocID 10401), Ex. 53 (DocID 10595), Ex. 54 (DocID 10695), Ex. 55 (DocID 10704), Ex. 56 (DocID 10711).

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE 2:19-cv-463-JLR

SEA SHEPHERD LEGAL
2226 EASTLAKE AVE. EAST, NO. 108
SEATTLE, WASHINGTON 98102
(206) 504-1600

21

*Hooker v. U.S. Dep't of Health & Human Servs.*, 887 F. Supp. 2d 40, 62 (D.D.C. 2012) (finding defendants' FOIA exemption redactions to be "excessive" where they "failed to adequately disclose segregable material"). If a record contains information that is exempt from disclosure, any reasonably segregable information in the record must be released after deleting the exempt portions, 5 U.S.C. § 552(b), unless the non-exempt portions are "inextricably intertwined with exempt portions," *Trans-Pacific Policing Agreement v. United States Customs Serv.*, 177 F.3d 1022, 1027 (D.C. Cir. 1999). The agency bears the burden of showing that a record is non-segregable. *See Army Times Publ'g Co. v. Dep't of Air Force*, 998 F.2d 1067, 1071 (D.C. Cir. 1993).

It appears that NMFS has failed even to attempt to meet its burden here. Under Exception 5, two versions of the "Three Things" memorandum have large blocks of text redacted, and each version of the "Risk Assessment" memorandum, "Roll Out Plan," and notes from consultations with the New Zealand government are redacted almost in their entirety. Further, NMFS invoked Exemption 7(A) to redact substantial blocks of text in one version of the "Risk Assessment" memorandum[21] – other versions of which it had instead redacted under Exemption 5[22] – and a draft "Decision Memorandum."[23] It also *completely* redacted one record such that it is impossible to discern the record's author, recipient(s), creation date. or subject matter.[24] Nothing in NMFS's conclusory *Vaughn* index explains why these records are non-segregable or why such sweeping

---

[21] *See* Somm. Decl. Ex. 56 (DocID 10174.1).

[22] *See, e.g.*, Somm. Decl. Ex. 28 (DocID 10316.2), Ex. 29 (DocID 10695.3).

[23] *See* Somm. Decl. Ex. 34 (DocID 10237.2).

[24] *See* Somm. Decl. Ex. 36 (DocID 10433.1).

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE 2:19-cv-463-JLR

SEA SHEPHERD LEGAL
2226 EASTLAKE AVE. EAST, NO. 108
SEATTLE, WASHINGTON 98102
(206) 504-1600

22

redactions are justified. *See, e.g., Plunkett v. DOJ*, No. 11-0341(RDM), 2015 U.S. Dist. LEXIS 115469, at *35 (D.C. Dist. Sept. 1, 2015) (concluding that agency failed to meet its burden where the *Vaughn* index did not "provide sufficient detail for the Court to evaluate whether the redactions were limited, as required, only to exempt or reasonably non-segregable information). Given that "disclosure, not secrecy" is FOIA's "dominant objective," these excessive redactions are improper. *Rose*, 425 U.S. at 361.

### IV.   IF NECESSARY, THE COURT SHOULD INSPECT THE RECORDS AT ISSUE *IN CAMERA*

As shown above, all of NMFS's redactions under Exemption 7 were improper because the agency did not compile the records at issue for "law enforcement purposes" and there is no pending or prospective "law enforcement proceeding" with which to interfere; the Court need not even look at Defendants' *Vaughn* index explanation for Exemption 7 redactions to make that determination because the subject matter of the individual records is irrelevant. Moreover, it is apparent from the face of the records that all of NMFS's redactions stretch the FOIA exemptions invoked beyond their plausible reach. SSL therefore believes the Court can find that the redactions are improper based on the record before it, notwithstanding the fact that Defendants' *Vaughn* index lacks detail, relies on generalized boilerplate language, and fails to provide SSL and the Court with particularized explanations of how disclosure of the redacted information would damage the interests protected by the claimed exemptions. *See Wiener v. Federal Bureau of Investigation*, 943 F.2d 972 (9th Cir. 1991).

SSL recognizes, however, that where an agency's *Vaughn* index "provides insufficient detail for the court to determine whether the withheld documents qualify for the claimed exemption," *Favish v. Office of Indep. Counsel*, 217 F.3d 1168, 1177 (9th Cir. 2000), "in camera

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE 2:19-cv-463-JLR

SEA SHEPHERD LEGAL
2226 EASTLAKE AVE. EAST, NO. 108
SEATTLE, WASHINGTON 98102
(206) 504-1600

23

inspection may be necessary to allow meaningful de novo review." *Carter v. United States Dep't of Commerce*, 830 F.2d 388, 392 (D.C. Cir. 1987). Accordingly, if the Court determines that it cannot assess whether the information at issue is exempt because Defendants' *Vaughn* index is inadequate, SSL requests that the Court, at its discretion, review the records at issue *in camera* to determine if NMFS has properly applied the exemptions asserted. *See, e.g.*, *American Civil Liberties Union v. U.S. Dep't of Defense v. United States DOD*, 628 F.3d 612, 626 (D.C. Cir. 2011) ("Congress intended to . . . leave the decision of whether to conduct *in camera* inspection to the broad discretion of the trial judge.").

## CONCLUSION

There is no genuine dispute as to any material fact in this case, and SSL is entitled to judgment as a matter of law. Defendants' withholdings are beyond the permissible scope of Exemptions 5, 6 or 7 and are inconsistent with the purposes of those exemptions. For these reasons, this Court should grant SSL's Motion for Summary Judgment.

Dated this 19th day of November, 2020.


Respectfully submitted,


*s/        Brett W. Sommermeyer*
BRETT W. SOMMERMEYER, WSBA # 30003

 *s/        Catherine E. Pruett*
CATHERINE E. PRUETT, WSBA # 35140

SEA SHEPHERD LEGAL
2226 Eastlake Avenue East, No. 108
Seattle, WA  98102
Phone: (206) 504-1600
Email: brett@seashepherdlegal.org
Email: catherine@seashepherdlegal.org

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE 2:19-cv-463-JLR

SEA SHEPHERD LEGAL
2226 EASTLAKE AVE. EAST, NO. 108
SEATTLE, WASHINGTON 98102
(206) 504-1600

24